**RETURN DATE: April 17, 2014**
**TIME:           11:00 am**

**ZELMANOVITZ & ASSOCIATES PLLC**
**1211 Avenue of the Americas, 40th Floor**
**New York, NY  10036**
**(646) 898-1575**
**Menachem O. Zelmanovitz**
**mendy@zelmlaw.com**

*Attorneys for Fink & Zelmanovitz, P.C., as nominee*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>PEGGY SHULER,<br><br>Debtor. | Case No. 14-41228 (CEC)<br><br>Chapter 13 |

## NOTICE OF MOTION

**PLEASE TAKE NOTICE THAT** upon the annexed motion of Fink & Zelmanovitz, P.C., as nominee ("F&Z"), secured creditor herein, a hearing will be held before the Hon. Carla E. Craig, Chief Bankruptcy Judge, to consider F&Z's motion for an Order, pursuant to section 362(d)(1), (2) and (4) of Bankruptcy Code and Rule 4001(a) of the Federal Rules of Bankruptcy Procedure, granting F&Z relief from the automatic stay to continue to pursue its state law rights with respect to a multi-unit residential building located at 101 Rogers Avenue, Brooklyn, NewYork.

**PLEASE TAKE FURTHER NOTICE THAT**, pursuant to Local Bankruptcy Rule 9006-1(a)(ii), any answering papers shall be served so as to be received not later than 7 days before the hearing date.

      **Date and time of hearing:** **April 17, 2014, 11:00 am**

          **Location:** **U.S. Bankruptcy Court**
              **271-C Cadman Plaza East**
              **Suite 1595**
              **Brooklyn, NY 11201-1800**
              **Courtroom # 3529, Third Floor**

Dated: New York, New York
     March 24, 2014

         ZELMANOVITZ & ASSOCIATES PLLC
         *Attorneys for Fink & Zelmanovitz, P.C., as nominee*


         By: /s/ Menachem O. Zelmanovitz
            Menachem O. Zelmanovitz

         1211 Avenue of the Americas, 40th Floor
         New York, New York 10036
         (646) 898-1575
         mendy@zelmlaw.com

**ZELMANOVITZ & ASSOCIATES PLLC**
**1211 Avenue of the Americas, 40th Floor**
**New York, NY  10036**
**(646) 898-1575**
**Menachem O. Zelmanovitz**
**mendy@zelmlaw.com**

*Attorneys for Fink & Zelmanovitz, P.C., as nominee*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>PEGGY SHULER,<br><br>Debtor. | Case No. 14-41228 (CEC)<br><br>Chapter 13 |

**MOTION OF FINK & ZELMANOVITZ, P.C., AS NOMINEE, PURSUANT TO § 362(d)(1), (2)AND (4) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 4001(a) FOR RELIEF FROM THE AUTOMATIC STAY**

TO THE HONORABLE CARLA E. CRAIG,
CHIEF UNITED STATES BANKRUPTCY JUDGE:

Fink & Zelmanovitz, P.C., as nominee ("F&Z"), by and through its undersigned counsel, hereby moves this court (the "Motion"), pursuant to § 362(d)(1), (2) and (4) of title 11 of the United States Code (the "Bankruptcy Code") and rule 4001(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an order granting relief from the automatic stay, to continue to pursue its state law rights with respect to a multi-unit residential building located at 101 Rogers Avenue, Brooklyn, New York (the "Property"), that will be binding in any other bankruptcy case purporting to affect the Property filed with the next two years.

In support of the Motion, F&Z incorporates herein by reference the completed Form for Motions for Relief from Stay to Foreclose a Mortgage on Real Property or a Security Interest in a Cooperative Apartment, mandated by General Order No. 533 of the United States Bankruptcy Court for the Eastern District of New York (the "Court"), which is annexed hereto as Exhibit A. In further support of the Motion, F&Z respectfully states as follows:

## PRELIMINARY STATEMENT

1. F&Z holds a first priority mortgage on the Property, which is a 12 unit apartment building owned jointly by the above-captioned debtor, Peggy Shuler (the "Debtor"), and her husband Melvin Shuler. Neither the Debtor nor her husband reside in the Property. As of the date hereof, the Debtor and her husband are jointly and severally indebted to F&Z in an amount no less than $1,133,535.20.

2. On August 5, 2013 an Order Granting Final Judgment of Foreclosure and Sale (the "Judgment of Foreclosure") was entered in the New York State Supreme Court, Kings County (the "State Court"), with respect to the Property, in favor of F&Z and against the Debtor and her husband.

3. The Property was scheduled for sale on December 12, 2013 at 2:30 pm (the "First Foreclosure Sale"). The Debtor's first chapter 13 case was commenced in this Court that same day at 9:24 am, bearing Case No. 13-47392 (CEC) (the "Prior Case"), as a result of which the First Foreclosure Sale did not go forward.

4. F&Z moved for relief from the automatic stay in the Prior Case. However, before F&Z's motion could be heard, the Prior Case was dismissed pursuant to Bankruptcy Code § 521(i)(1) by reason of the Debtor's failure to file any of the required schedules, statements and other information.

5. The Property was thereafter again scheduled for sale on March 20, 2014 (the "Second Foreclosure Sale"). This second Chapter 13 case was commenced by the Debtor the day before the Second Foreclosure Sale, on March 19, 2014, as a result of which the Second Foreclosure Sale could not proceed.

6. F&Z now again moves for relief from the automatic stay. As set forth in its prior motion, the Debtor has failed to make any mortgage payments for an extended period of time, and has also failed to pay for taxes associated with the Property. Consequently, F&Z is not adequately protected, and relief from the stay is appropriate under § 362(d)(1).

7. Also, as set forth in F&Z's prior motion, the aggregate of the existing liens on the Property exceed its value. Thus, the Debtor has no equity in the Property. The Property is also not necessary to an effective reorganization as there is no reasonable prospect that an effective reorganization can be implemented. The Debtor has not filed a plan, has made no payments for an extended period of time, has disclosed no sources of income or significant assets, and could not even pay the full filing fee. Therefore, F&Z is entitled to relief from the stay under § 362(d)(2).

8. Furthermore, the Debtor' multiple last-minute filings, followed by her total failure to meet any of her obligations as a chapter 13 debtor, or as owner of the Property, are clearly indicative of a scheme to delay, hinder or defraud creditors, especially F&Z. The mere granting of stay relief and/or dismissal of this case is inadequate because it is likely that further bankruptcy filings by the Debtor or her husband will ensue in furtherance of their scheme to delay and hinder F&Z's efforts to enforce its rights. Accordingly, F&Z is entitled to an *in rem* order pursuant to § 362(d)(4), granting relief from the automatic stay that will be binding in any other bankruptcy case purporting to affect the Property that is filed within the next two years.

**JURISDICTION AND VENUE**

9. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this case and this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G).

10. The statutory predicates for this Motion are § 362(d)(1), (2) and (4) of the Bankruptcy Code and Bankruptcy Rule 4001(a).

**BACKGROUND**

11. On March 19, 2014, the Debtor commenced this case by filing a voluntary petition for relief under chapter 13 of the Bankruptcy Code in this Court.

12. Michael J. Macco has been appointed chapter 13 trustee in this case (the "Trustee").

13. This case follows close on the heels of the dismissal of the Debtor's Prior Case, which dismissal, as discussed below, was ordered by this Court on January 30, 2013, less than two months ago.

**The Property, Note and Mortgage**

14. The Property is a 12 unit apartment building owned jointly by the Debtor and her husband Melvin Shuler, neither of whom reside there. In fact, the Debtor's petition reflects that she maintains her primary residence at 109-20 221st Street, Queens Village, New York 11429. Upon information and belief, Debtor's husband has not filed a bankruptcy petition and is not a debtor in bankruptcy.

15. On or about October 31, 2006, the Debtor and her husband executed a certain Amended and Restated Note in the principal amount of $390,000 (the "Note") in favor of Emigrant Funding Corporation ("Emigrant"). A copy of the Note is annexed hereto as Exhibit B.

16. On or about that same date, the Debtor and her husband executed a certain Agreement of Consolidation, Extension and Modification of Mortgage (the "Mortgage"), and a

certain Assignment of Leases and Rents (the "Assignment of Leases"), granting liens and securing interests in the Property and the attendant leases and rents, in favor of Emigrant, securing the obligations under the Note. Copies of the Mortgage and Assignment of Leases, each with proof of recordation in the Office of the City Register of the City of New York (the "City Register") on December 15, 2006, are annexed hereto as Exhibits C and D, respectively.

**The Assignment of Loan Documents**

17. On or about March 19, 2013, F&Z purchased the loan from Emigrant, and Emigrant assigned its rights in the Note, Mortgage and Assignment of Leases to F&Z. Copies of the Bill of Sale and Assignment of Loan Documents, Allonge to Note endorsed in blank, Assignment of Mortgage with proof of recordation in the City Register on May 10, 2013, and Assignment of Assignment of Leases and Rents with proof of recordation in the City Register on May 10, 2013, are annexed hereto as Exhibits E through H, respectively.

**The Default and Foreclosure Proceeding**

18. Since April 1, 2009, the Debtor and her husband have been in continuous default under the Note and Mortgage, failing to pay the monthly principal, interest and other charges due thereon. (Exh. A, ¶11)

19. On August 19, 2009, Emigrant commenced a foreclosure proceeding (the "Foreclosure Proceeding") in the State Court under Index No. 21046/2009. On August 5, 2013, the State Court entered the Judgment of Foreclosure, a copy of which is annexed hereto as Exhibit I.

20. The First Foreclosure Sale was noticed and scheduled to occur on December 12, 2013 at 2:30 pm. A copy of the Notice of Sale dated November 25, 2013 is annexed hereto as Exhibit J. The Debtor commenced the Prior Case on the morning of the scheduled First

Foreclosure Sale by filing her initial chapter 13 petition, thus preventing such sale from proceeding. A copy of said petition is annexed hereto as Exhibit K  [Prior Case dkt # 1].[1]

21. After the Prior Case was dismissed, as discussed below, the Second Foreclosure Sale was noticed and scheduled to occur on March 20, 2014 at 2:30 pm. A copy of said Notice of Sale dated March 4, 2014 is annexed hereto as Exhibit L. By commencing this case with the filing of her second chapter 13 petition the day before the scheduled Second Foreclosure Sale, the Debtor forestalled that sale from proceeding as well. A copy of the Debtor's second petition is annexed hereto as Exhibit M [Case dkt # 1].[2]

**The Debtor's Multiple Filings and Continuing Failure to Meet Her Obligations**

22. On December 12, 2013, at 9:24 am, just hours before the scheduled time of the First Foreclosure Sale, the Debtor commenced the Prior Case.

23. In violation of Bankruptcy Rule 3015(b), the Debtor failed to file a plan, and further failed to file virtually all of the schedules, statements and other information required by § 521 of the Bankruptcy Code. See Final Notice of Section 521 Deficiencies dated January 13, 2014  [Prior Case dkt # 13]. On January 15, 2014, the trustee in the Prior Case held a duly noticed meeting of creditors pursuant to § 341(a) of the Bankruptcy Code, at which the Debtor failed to appear.

24. As a result, the trustee in the Prior Case filed a motion to dismiss that case. [Prior Case dkt # 16]

25. Also, in the Prior Case, F&Z filed a motion for relief from the stay based on substantially the same grounds stated herein. [Prior Case dkt # 18]

26. However, prior to any hearing on the trustee's and F&Z's motions, this Court dismissed the Prior Case on January 30, 2014, pursuant to 11 U.S.C. § 521(i), because of the

---

[1] Documents filed in the Prior case are cited herein as "Prior Case dkt # __."
[2] Documents filed in this case are cited herein as "Case dkt # __."

6

Debtor's utter failure to prosecute that case. A copy of the order dismissing the Prior Case is annexed hereto as Exhibit N [Prior Case dkt # 19].

**The Instant Petition and Debtor's Repeated Failure to Meet her Obligations**

27. On March 19, 2014, the day before the scheduled Second Foreclosure Sale, the Debtor commenced this chapter 13 case with the filing of a bare-bones petition virtually identical to the petition she filed in the Prior Case. *Cf.* Exhibits K and M.

28. As in the Prior Case, in violation of Bankruptcy Rule 3015(b), the Debtor has failed to file a plan, and further failed to file virtually all of the schedules, statements and other information required by § 521 of the Bankruptcy Code. Annexed hereto as Exhibit O is the Court's Notice of Deficient Filing – Chapter 13 dated March 19, 2014 [Case dkt # 4].

**The Amount Due Under the Note and Mortgage**

29. As of the date hereof, the Debtor and her husband jointly and severally owe F&Z no less than $1,133,535.20, including interest, fees and other charges. (Exh. A, ¶5) The Debtor and her husband have made no payments under the Note and Mortgage since April 1, 2009. (Exh. A, ¶11)

30. In addition, the Debtor and her husband have failed to pay for taxes and other obligations associated with the property. At least $32,564.00 in past due real estate taxes are owing, resulting in an additional lien on the Property. A printout from the Official New York City Web Site reflecting this past due amount is annexed hereto as Exhibit P. Further, the amount of the judgment set forth in the Judgment of Foreclosure includes $183,382.43 for taxes and insurance advanced by the prior lender upon the failure of the Debtor and her husband to pay same. *See* Schedule B to the Referee's Report of Amount Due dated April 29, 2013, a copy of which is annexed hereto as Exhibit Q.

**Value of the Property**

31.    As of the date hereof, the Property had an appraised value of $800,000. (Exh. A, ¶6)

**RELIEF REQUESTED**

32.    F&Z hereby seeks relief from the automatic stay, pursuant to § 362(d)(1), (2) and (4) of the Bankruptcy Code and Bankruptcy Rule 4001(a), to pursue its state law remedies, complete the enforcement of its rights under the Mortgage and ensure that such enforcement efforts will not be frustrated by further bad faith filings by the Debtor or related parties.

**Applicable Law**

33.    While § 362(a) of the Bankruptcy Code imposes an automatic stay of virtually all actions against a debtor upon the commencement of a bankruptcy case, Congress specifically set forth grounds for relief from the stay in, among others, § 362(d)(1) and (2).

34.    Section 362(d) provides in relevant part that:

On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

(2) with respect to a stay of an act against property under subsection (a) of this section, if –

    (A) the debtor does not have an equity in such property; and

    (B) such property is not necessary to an effective reorganization ….

11 U.S.C. § 362(d)(1) and (2).

35.    "The standards for lifting the stay set forth in Section 362(d)(1) and (2) are in the disjunctive; if the court finds either that the secured creditor lacks adequate protection or that the debtor has no equity in the property sought to be foreclosed and has no need for the property to

effectively reorganize, the court must lift the stay." *In re Diplomat Electronics Corp.*, 82 B.R. 688, 692 (Bankr. S.D.N.Y. 1988) (citing M. Bienenstock, *Bankruptcy Reorganization* at 133 (1987)).

36.     Pursuant to Bankruptcy Code § 362(g), the Debtor has the burden of proof on all issues except for the issue of her equity in the Property.

37.     As demonstrated below, F&Z is entitled to relief from the automatic stay pursuant to both § 362(d)(1) and (2) of the Bankruptcy Code.

38.     In addition to the relief afforded by § 362(d)(1) and (2), § 362(d)(4) provides, in relevant part that relief from the stay shall be granted:

> (W)ith respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved either—
>
>   (A) transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval; or
>
>   (B) multiple bankruptcy filings affecting such real property.
>
> If recorded in compliance with applicable State laws governing notices of interests or liens in real property, an order entered under paragraph (4) shall be binding in any other case under this title purporting to affect such real property filed not later than 2 years after the date of the entry of such order by the court

39.     As demonstrated below, the Debtor's multiple bankruptcy filings are clearly part of a scheme to delay and hinder F&Z's efforts to enforce its rights, entitling F&Z to *in rem* relief from the automatic stay pursuant to § 362(d)(4) of the Bankruptcy Code.

### Basis for relief under § 362(d)(1)

40.     As set forth above, under § 362(d)(1) of the Bankruptcy Code, a bankruptcy court, after notice and hearing, may terminate, annul, modify or condition the automatic stay "for cause, including the lack of adequate protection of an interest in property" of the party seeking relief. 11 U.S.C. § 362(d)(1).

41.     Bankruptcy Code § 361 sets forth three nonexclusive examples of what may constitute "adequate protection": (1) periodic cash payments equivalent to decrease in value, (2) an additional or replacement lien on other property, or (3) other relief that provides the indubitable equivalent.  11 U.S.C. § 361; *see also In re Tucker*, 5 B.R. 180 (Bankr. S.D.N.Y. 1980).

42.     In the instant matter, the Debtor has failed to make any payments under the terms of the Note and Mortgage since April of 2009 and has failed to pay property taxes.

43.     Indeed, in applying to pay the filing fee for her petition in installments (Case dkt # 2), the Debtor demonstrated a lack of resources necessary to even pay a modest fee, let alone the payments due under the Note and Mortgage or for the accruing real estate taxes.  Further, the Debtor has disclosed no assets that could be offered as an additional or replacement lien.

44.     Finally, the amount owed to F&Z, $1,133,535.20, even without the additional tax lien on the Property of at least $32,564.00, exceeds the entire value of the Property, which was appraised at $800,000.  Thus, the Debtor lacks any "equity cushion" to adequately protect F&Z's interest.

45.     Therefore, sufficient cause exists to lift the stay pursuant to § 362(d)(1).  *Thompson v. JP Morgan Chase Bank, N.A. (In re Thompson)*, 2012 U.S. Dist. LEXIS 30980 (E.D.N.Y. Mar. 8, 2012) (affirming Bankruptcy Court's granting relief from stay where debtor was in default on mortgage payments, taxes and insurance for an extended period of time, and creditor had begun

foreclosure proceedings in state court); *see also In re Fennell*, 495 B.R. 232, 239 (Bankr. E.D.N.Y. 2012) (debtor's failure to make regular mortgage payments as they become due constitutes sufficient "cause" to lift the automatic stay); *In re Schuessler,* 386 B.R. 458, 480 (Bankr. S.D.N.Y. 2008) ("failure to make mortgage payments constitutes 'cause' for relief from the automatic stay and is one of the best examples of a 'lack of adequate protection' under Section 362(d)(1) of the Bankruptcy Code").

### Basis for relief under § 362(d)(2)

46. Under § 362(d)(2) of the Bankruptcy Code, the stay "shall" be lifted if the debtor has no equity in the property and such property is not necessary to an effective reorganization. As set forth above, the secured debt owing to F&Z alone, $1,133,535.20, exceeds the appraised value of $800,000 for the Property. Thus, the Debtor has no equity in the Property.

47. The Debtor has failed to file a chapter 13 plan within the time allotted by Bankruptcy Rule 3015(b). For this reason alone an effective reorganization is impossible.

48. Aside from that default, it is also clear that the Debtor cannot propose a plan that would be confirmed by the Court under § 1325(a)(5) of the Bankruptcy Code.

49. Section 1325 sets forth the requirements for plan confirmation. F&Z will not accept any plan proffered by this Debtor. Thus, the Debtor must surrender the property to F&Z under § 1325(a)(5)(C) or, under § 1325(a)(5)(B), provide that F&Z retain its lien on the Property and receive the value, as of the effective date of the plan, of F&Z's claim.

50. The Debtor lacks any sources of income or assets that could afford her the means to pay the debt owing to F&Z. She has been in default under the Note and Mortgage since April of 2009, and also has failed to pay the continually accruing real estate taxes and other charges on the Property. Thus, the Debtor cannot propose a plan that would comply with § 1325(a)(5).

51.     Therefore, the Property is not necessary to an effective reorganization as there is no reasonable prospect that an effective reorganization can be implemented. Relief from the stay is thus appropriate under § 362(d)(2).

**Basis for relief under § 362(d)(4)**

52.     Section 362(d)(4) provides that, where there the court finds that the filing of the petition was part of "a scheme to delay, hinder, or defraud creditors" that involved multiple bankruptcy filings affecting the same real property, the Court may grant "*in rem* relief" from the stay as to a creditor's interest in that real property, such that future bankruptcy filings by any person or entity with an interest in the property will not operate as an automatic stay for a period of two years after the date of entry of such order. *In Re Gel, LLC*, 495 B.R. 240, 249 (Bankr. E.D.N.Y. 2012) (citing *In re Montalvo*, 416 B.R. 381, 386 (E.D.N.Y. 2009)).

53.     No evidentiary hearing is necessary for the Court to determine that such a scheme exists. Intent on the part of a debtor to hinder, delay, and defraud creditors may be inferred where, as here, the record demonstrates that (i) the Debtor has made multiple filings, (ii) the filings were clearly timed to forestall foreclosure proceedings, (iii) no good-faith effort was made by the Debtor to prosecute her filed bankruptcy cases (such as by appearing at the § 341 meeting, filing schedules and other required documents omitted from the petition or by filing a plan), (iv) no plan can be confirmed as a matter of law, and (v) the Debtor has been in default and has failed to make any mortgage payments for several years. *See In Re Gel, LLC*, *supra* (citing *In re Procel*, 467 B.R. 297 (S.D.N.Y. 2012) and *In re Montalvo*, 416 B.R. 381, 386 (E.D.N.Y. 2009)); *In re Blair*, No. 09-76150, 2009 WL 5203738, at *4-5 (Bankr. E.D.N.Y. 2009).

54.     Clearly, the mere granting of stay relief and/or dismissal of this case would be inadequate. Even were this case dismissed for failure to prosecute, thus rendering the Debtor

unable to delay a foreclosure sale by a further filing under § 362(c)(4)(A), subsequent bankruptcy filings by the Debtor's husband or related persons may well follow, further frustrating F&Z's efforts to enforce its rights. Accordingly, *in rem* relief from the stay is appropriate under § 362(d)(4).

### Basis for relief under Bankruptcy Rule 4001(a)(3)

55. In granting relief from the automatic stay, F&Z requests that the Court dispense with the 14-day stay of such relief under Bankruptcy Rule 4001(a)(3) to immediately allow a foreclosure sale to proceed and permit F&Z to complete the enforcement of its rights under the Mortgage.

56. Based on the Debtor's continuing failure to satisfy her obligations under the Bankruptcy Code and Rules, as set forth above, and her long-standing default and demonstrated lack of any means by which to satisfy her obligations under the Note and Mortgage, F&Z submits that dispensing with the 14-day stay is appropriate.

## NOTICE

57. Notice of this motion has been provided to (a) the Debtor, (b) the Trustee, (c) the Office of the United States Trustee and (d) those parties, if any, who filed a notice of appearance in this case. F&Z submits that no further notice is required.

**NO PRIOR REQUEST**

58. Except as noted above with respect to F&Z's motion in the Prior Case, no prior request for the relief sought in this Motion has been made to this or any other Court.

**WHEREFORE**, for all of the reasons stated herein, F&Z respectfully requests that this Court grant this Motion and issue an Order substantially in the form annexed hereto as Exhibit R, (1) granting relief from the automatic stay and from the 14-day stay imposed under Bankruptcy Rule 4001(a)(3) to allow a foreclosure sale to proceed and to allow F&Z to continue the Foreclosure Proceeding until it results in a final, non-appealable and enforced judgment and sale of the Property; (2) providing that such Order shall be binding in any other bankruptcy case purporting to affect the Property that is filed within two years after the date of entry of such Order; (3) requiring that any Federal, State or local governmental unit that accepts notices of interests or liens in real property accept a certified copy of such Order for indexing and recording; and (4) granting F&Z such other and further relief as the Court deems just and proper under the circumstances.

Dated: New York, New York  **ZELMANOVITZ & ASSOCIATES PLLC**
      March 25, 2014  Attorneys for Fink & Zelmanovitz, P.C., as nominee

By:   /s/ Menachem O. Zelmanovitz
       Menachem O. Zelmanovitz

1211 Avenue of the Americas, 40th Floor
New York, New York 10036
(646) 898-1575
mendy@zelmlaw.com